FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

2026 JUN -4  AM II: 37

CLERK. U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY

| | | |
|---|---|---|
| CUAUHTEMOC CERVANTES SAMANIEGO,<br>　　　Petitioner,<br><br>v.<br><br>B. BIRKHOLZ, *Warden*,<br>　　　Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Cause No. EP-26-CV-1462-DCG |

## MEMORANDUM OPINION AND ORDER

Petitioner Cuauhtemoc Cervantes Samaniego, Federal Prisoner Number 25520-510, challenges the execution of his sentence through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pet'r's Pet., ECF No. 1.[1] His opposed petition is denied.

## BACKGROUND

Samaniego is a 33-year-old prisoner confined at the La Tuna Federal Correctional Institution in Anthony, Texas, which is within the jurisdiction of this Court. *See* Federal Bureau of Prisons, Find an Inmate, www.bop.gov/inmateloc (search for Reg. 25520-510, last visited June 1, 2026). His projected release date is March 13, 2029. *Id.*

Samaniego pleaded guilty, pursuant to a plea agreement, to a superseding information charging him with possession with intent to distribute "40 grams or more of a substance containing a detectable amount of a mixture containing *a detectable amount* of fentanyl N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide, … in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2." *United States v. Samaniego*, 9:22-cr-00050-DLC (D. Mont), Superseding Information, ECF No. 50; *id.*, Plea Agreement, ECF No. 1, 3; *id.*, J. Crim. Case, ECF No. 71 at 1. He was adjudicated

---

[1] "ECF No." refers to the Electronic Case Filing number for documents filed in the Judiciary's online docketing system. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

guilty of possession with intent to distribute fentanyl in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and sentenced to 87 months' confinement. J. Crim. Case, ECF No. 71 at 1.

In his petition, Samaniego claims that Respondent Warden B. Birkholz has improperly disqualified him from accumulating First Step Act Earned Time Credits (FTCs). Pet'r's Pet., ECF No. 1 at 6. He asks the Court to intervene and declare that he is eligible to accumulate and apply FTCs. *Id.* at 7.

## STANDARD OF REVIEW

A prisoner may attack "the manner in which his sentence is carried out or the prison authorities' determination of its duration" through a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). To prevail, a prisoner must show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c).

## ANALYSIS

Samaniego asserts that Birkholz improperly disqualified him from accumulating FTCs. Pet'r's Pet., ECF No. 1 at 6. He argues that his conviction for a violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 makes him eligible to accrue and apply FTCs under the plain language of the First Step Act. Mem. in Supp., ECF 2 at 2.

The First Step Act creates incentives to encourage prisoners to participate in evidence-based recidivism reduction (EBRR) programs and productive activities (PAs). 18 U.S.C. § 3632(d). It gives *qualifying* prisoners the opportunity to earn ten days of FTCs for every 30 days of successful participation in EBRR programs and PAs. *Id.* § 3632(d)(4)(A)(i). It allows *qualifying* offenders at a "minimum" or "low risk" of recidivating to earn an additional five days of FTCs if

they do not increase their risk levels over two consecutive assessments. *Id.* § 3632(d)(4)(A)(ii). It permits *qualifying* inmates to apply FTCs toward prerelease community-based placement in a residential reentry center or home confinement. 18 U.S.C. § 3624(g)(2); 28 C.F.R. § 523.44(b)–(c). And, at the discretion of the Director, it permits *qualifying* prisoners to apply FTCs toward their early release to supervision. 18 U.S.C. § 3624(g)(3); 28 C.F.R. § 523.44(d).

The FSA lists three types of *disqualifying* fentanyl convictions which render a prisoner ineligible to acquire FTCs. 18 U.S.C. § 3632(d)(4)(D). First, where the prisoner "was an organizer, leader, manager, or supervisor of others in the [fentanyl] offense, as determined under the guidelines." *Id.* § 3632(d)(4)(D)(lxviii). Second, where the prisoner is serving a sentence for a fentanyl conviction under 21 U.S.C. § 841(b)(1)(A)(vi) involving 400 grams or more of a mixture containing a detectable amount of fentanyl. *Id.* § 3632(d)(4)(D)(lxvi). Third, where the prisoner is serving a sentence for a fentanyl conviction under 21 U.S.C. § 841(b)(1)(B)(vi) involving 40 grams or more of a mixture containing a detectable amount of fentanyl. *Id.*

Samaniego argued in a motion to correct a clerical error that he did not plead guilty to a a statute referred to in the judgment—specifically 21 U.S.C. § 841(b)(1)(B)—and that the error adversely affected his eligibility to acquire FTCs. *Samaniego*, 9:22-cr-00050-DLC (D. Mont.), Mot., ECF No. 88. His motion was denied after the Montana Court explained "[t]hough [Samaniego] is correct in that subsection (b)(1)(B) was not specifically included in the Superseding Information, [subsection (b)(1)(B)] merely clarifies the maximum penalties faced for the count charged. There is thus no clerical error to correct." *Id.*, Order, ECF No. 90.

Thus, the unlawful act is "to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." 21 U.S.C. § 841(a)(1). The sentence

3

for the unlawful act is based on the nature and amount of the controlled substance. *Id.* § 841(b). Where, as here, a prisoner is serving a sentence under 21 U.S.C. § 841(b)(1)(B)(vi) for an offense which involves 40 grams or more of fentanyl, he is not eligible to accrue FTCs. 18 U.S.C. § 3632 (d)(4)(D)(lxvi).

## CONCLUSION AND ORDERS

The Court concludes that Samaniego's claim is without merit as he cannot show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). The Court accordingly enters the following orders:

**IT IS ORDERED** that Cuauhtemoc Cervantes Samaniego's "Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241" (ECF No. 1) is **DENIED** and his civil cause is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED** as moot.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

SIGNED this __3rd__ day of June 2026.

DAVID C GUADERRAMA
SENIOR UNITED STATES DISTRICT JUDGE

4